Marybeth SIMRALL, Plaintiff,

v.

James S. SIMRALL, Jr., Defendant.

No. 23603.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1962.

Sheffrey, Ryder & Skeer, Herbert M. Krigel, Kansas City, for appellant.

Tucker, Charno, Willens & Jouras, George H. Charno, Jr., Kansas City, for respondent.

SPERRY, Commissioner.

Appeal from an order and judgment of the circuit court denying defendant's motion to set aside the judgment, dated February 10, 1960, obtained by plaintiff against him, in the amount of $6494.07, and the execution, attachment and sale thereon.

The record discloses that the parties were formerly husband and wife; that, on December 27, 1956, they entered into a written agreement whereby defendant agreed to pay to plaintiff the sum of $200 (exclusive of child support) on the tenth day of each month thereafter so long as she should remain unmarried. On December 17, 1957, plaintiff sued defendant on the above contract, pleading it and alleging that defendant was thereby obligated to pay to her $200 per month, commencing on January 10, 1956; that he failed and refused to pay her anything; that the sum of $2400 was due thereon, including installment due December 10, 1957; "that additional installments on said contract will become due in the future"; that defendant was entitled to certain credits for utilities paid by him, totalling $324.05. The prayer was as follows: "wherefore, plaintiff prays judgment against defendant in the sum of $2075.95 with interest thereon, *together with such sums as may become due prior to the judgment of the court* herein, and for her costs".

Defendant, on January 19, 1959, filed his answer to the above petition admitting the execution of the contract as pleaded, and alleging that defendant had violated its terms in certain particulars. On February 28, 1959, the cause was, on application of defendant, transferred to the Jackson Circuit Court. On February 19, 1960, the cause was called for trial by the court. Defendant did not appear in person or by counsel. The court heard the testimony, which was to the effect that there was then due, under the contract, $200 per month from and including January 10, 1957, through February 10, 1960, less credits totalling $905.93 for utilities paid by defendant. Having previously permitted plaintiff to amend her prayer as to the amount of judgment requested, so as to conform to the proof, the court found and announced that defendant had been duly and regularly notified of the date of the hearing and entered judgment against him in the sum of $6494.07. The record contains a pleading filed by defendant in another case wherein he admitted having received notice from plaintiff's counsel of the setting of the case and that the judgment sought would include all installments due at time of trial. Thereafter, certain of defendant's property was sold under judgment and execution.

Defendant contends that the amendment by interlineation at the hearing for a default judgment constitutes a new and additional claim for relief of which he had no notice; that no valid judgment could be rendered on the amended petition because of the effect of Rule 55.28, V.A.M.R., which is as follows:

"Amendments Affecting Parties in Default. Where amended or new pleadings assert new or additional claims for relief against a party in default for failure to appear, which are required to be served in the manner provided for service of summons, the

defaulting party is required to appear and defend within the same time as is required after the original service of process of like character".

Defendant cites Miltenberger v. Center West Enterprises, Inc., Mo.App., 251 S.W. 2d (4) 385, 388, quoting therefrom as follows:

"Interpreted literally, the phrase 'new or additional claims for relief' as used in this provision of the new code would cause said statute to be construed to mean that no pleadings subsequent to the original petition need be served on parties in default for failure to appear unless said pleading contained a prayer for an additional amount of money or some other new or additional relief."

However, the court said, on the same page, that every amended pleading contains *some* new or additional allegation else there would be no occasion for filing it; and held that "claim for relief" is synonymous with "cause for action".

The amended petition here considered stated the identical cause of action pleaded in the original petition where the full contract was pleaded and where the prayer was for judgment for the amount due thereon at the time of filing, *and for such additional installments or amounts as might be or become due* when the court should try and determine the cause. By the amendment, no additional sum of money was prayed for than was originally asked. The amendment amounted only to providing a method of computation of the amount claimed, fully in accordance with the original pleading, just as it might have been done in a case involving interest on a promissory note.

Furthermore, defendant had "appeared" by answering and by taking a change of venue. He was not in default within the meaning of Rule 55.28, supra, 6 C.J.S. Appearances § 1, page 4, par. 1; nor was the amendment made without notice to him. He had full knowledge, by his own admis-

sion, that the trial would be had on February 10, 1960, and that the judgment sought at that time would be for an amount including all monthly payments falling due prior to the date of trial.

The judgment of the trial court is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.